# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Linda Elizabeth Prince

        Plaintiff(s),

vs.

        Case No. _____
        (To be assigned by Clerk of District Court)

Caribou Coffee Company

        Defendant(s).

        Demand For Jury Trial

## EMPLOYMENT DISCRIMINATION COMPLAINT

### PARTIES

1.  List your name, address and telephone number.  Do the same for any additional plaintiffs.

Linda Elizabeth Prince
36 5th Av. North
Apt. #10
Hopkins, MN 55343
(952) 252-9190

2.  List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.

Caribou Coffee Company 3900 Lakebreeze Av.  North
Minneapolis, MN, 55429

### JURISDICTION
The Court has jurisdiction over this action under 28 U.S.C. § 1331.

SCANNED
NOV 0 1 2010
U.S. DISTRICT COURT MPLS

3.  This employment discrimination lawsuit is based on (check only those that apply):

    a.  _X_ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC).*

    b.  __ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older). **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission (EEOC).*

    c.  __ American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability. **NOTE:** *In order to bring suit in federal court under the American with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).*

    d.  __ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. **NOTE:** *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office (EEO) representative or agency.*

    e.  __ Other (Please describe)


4.  If you are claiming that the discriminatory conduct occurred at a location other than the defendant's address above, please provide the following information on where the conduct occurred:

    Caribou Coffee Co., 6600 Lyndale Av., Richfield, MN., 55423

5.  When did the discrimination occur? Please give the date or time period:

    April 2007 to June 2010

ADMINISTRATIVE PROCEDURES

6.  Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

    a.  _X_ Yes       Date filed: January 15, 2008

    b.  __ No

7.  Have you received a Notice of Right-to-Sue Letter?

    a.  _X_ Yes        If yes, please attach a copy of the letter to this complaint.

    b.  __ No


NATURE OF THE CASE

8.  The conduct complained of in this law suit involves (check only those that apply):

    a.  __ Failure to hire me

    b.  __ Termination of my employment

    c.  _X_ Failure to promote me

    d.  __ Failure to accommodate my disability

    e.  _X_ Terms and conditions of employment differ from those of similar employees

    f.  _X_ Retaliation

    g.  _X_ Harassment

    h.  _X_ Other conduct (please specify): Creation of a hostile environment.

    i.  Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

        _X_ Yes   __ No

9.  I believe that I was discriminated against because of my (check all that apply):

    a.  _X_ Race

    b.  __ Religion

    c.  __ National origin

    d.  __ Color

    e.  __ Gender

f.   __ Disability

g.   __ Age (my birth year is: )

h.   __ Other conduct (please specify):

i.   Did you state the same reason(s) in the charge of discrimination, referred to in number 6 above?

_X_ Yes          _ _No


Describe in the space provided below the basic facts of your claim.  The description of facts should include a specific explanation of the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct (i.e. how, where, and when).  Each paragraph must be numbered separately, beginning with number 10.  Please write each allegation of discrimination in a separately numbered paragraph.

10. Promotions.  Subjected to "differential treatment in promotional opportunities" from 2007 to the present.  After manager first inquired about my "ethnicity" in 2007, he invented rules (such as a car-ownership requirement) that applied only to me and were intended to provide a legitimate pretext to disapprove my request to be considered for an in-store promotional opportunity.  In 2008, 2009, 2010, subsequent store managers denied me access to information about in-store promotional opportunities, providing that information exclusively, and privately, to the white employees.  I have significant seniority over all of these white employees.  In October 2009, for example, all white employees were made privy to information about an upcoming opportunity for an in-store promotion, whereas I was specifically and uniquely informed that the position would be filled by an employee transferred from another store.  When the internal promotion was made, all of the white employees were told the promoted party "asked first and pressed hardest" for the position.  I

was told -- despite my Harvard Ph.D., my nearly four years with Caribou, and my recent
award as "Employee of the Quarter" -- that my skill set was not yet at the acceptable level. I
was given false information about the opening. I was given a different explanation from the
white employees for this particular selection of a white male (one with a significant arrest
record who had been with Caribou for less than a full calendar year) about why he was
selected. With the white employees the issue was timing and persistence. With me the
excuse -- once I demanded an explanation for the mis-information I was given -- was that he
was by far the most qualified. In June 2010 a white female over whom I have seniority was
privately offered an in-store promotion about which, again, I was kept ignorant. In short, I
have consistently not only been denied promotions, but denied equal access to information
about in-store promotional opportunities. Race is the deciding factor in this differential
treatment. Racial discrimination is why I have been denied equal opportunity to compete at
Caribou Coffee for promotional opportunities. Caribou's "neutral," published policy that
states "the approval of a supervisor or manager is required to apply for any open position"
within the corporation, may have a disproportionally negative impact on African-Americans.

11. Racial Harassment. Beginning in late 2006, after a store manager inquired about my
ethnicity, I began to be subjected to harassment based upon race by white managers and
white fellow employees. This harassment has included denigration of African-Americans
and aspects of African-American culture in public store space (racial "humor," dialect jokes
and imitations, ridicule of specific aspects of African-American culture such as naming
patterns and religious traditions). This harassment also consisted of emotional abuse by
managers in front of co-workers and customers; ridicule of my claimed Harvard credential
by managers and by white Human Resources personnel; consistent questioning of my

competence to fulfill even the most menial requirements of my position; denigration of my work performance; the concoction of in-store policies that applied only to African-Americans at this Caribou location (a fellow African-American and I were warned never to touch the "tip jar" lest we be presumed to be stealing; no such injunction was given to any of the white employees, all of whom were freely entrusted to divide tips among staff at the end of a work shift). In November 2007 I met with the Caribou District Manager and a Human Resources representative (both white males) to discuss the above issues. They admitted that the manager did not deny his behavior or his racial comments. However, I was specifically told the following: "Different people can interpret these kinds of comments in different ways. Caribou does not interpret these comments as offensive." They refused to pursue the issues, not denying the facticity, but denying, in the name of the company, the offensiveness. In 2008 - 2009 I was being actively harassed by a white female co-worker whose actions were ignored by three successive managers, three District Managers and two Human Resources representatives. Each time that I asked for an investigation of racial harassment by this particular employee, and despite the expressed willingness of white co-workers to testify to the harassment by her of me that they witnessed, Caribou refused to pursue any formal investigation whatsoever, allowing by tacit approval the harassment to continue unabated. I was specifically told in January 2009 by a Human Resources representative and again in May 2009 by a District Manager, regarding the ongoing harassment by this person: "Caribou needs you to be the bigger person." Caribou actively pursues investigations of sexual harassment. It has consistently refused to pursue requests for investigations of racial discrimination and harassment, hence by corporate negligence the discrimination and harassment are allowed to flourish without consequence to discriminators or harassers, and

have the effect of foreclosing internal, corporate options for redress of grievances by African-Americans discriminated against or harassed. These problems are not unique to my Caribou location but have been reported by African-Americans working for other Minneapolis-based Caribou Coffee stores. It is an institutional problem. African-Americans are denied equal treatment by Caribou Coffee Company and one of the forms of unequal treatment is harassment based upon race.

12. Hostile Environment. From 2006 to the present I, as an African-American, have worked in a hostile environment created by the expression, in various forms, of racial prejudice, racial discrimination, and racial harassment. As stated above, various store managers, District Managers, and members of the Human Resources department have consistently refused to intervene in any substantive way that effectively *and with finality* ends the expression of racially-charged commentary, or ends witnessed episodes of racial harassment or discrimination. Thus, a toxic, discriminatory, "hostile environment" defining the Caribou corporate culture has been maintained over time, despite significant changes in management. This has resulted, for me, in six emergency room admittances for work-stress-induced asthma between late 2007 and June 2010. For most of my tenure at this location I have been the only African-American employee. On those instances when other African-Americans have been employed at this location, our work performances have been singled out from whites yet lumped together as blacks, and categorized as evidence of laziness, or as inefficiency, or we have been characterized to our white co-workers as "not doing our jobs." When I specifically asked a white manager to explicate, in the summer of 2008, precisely which aspects of our jobs a fellow African-American and I were not doing, or could not do, she had no answer except to insist, "You two don't do your jobs." When working together

8

(from April 2007 to January 2009) the above-referenced African-American co-worker and I were treated differently from our white co-workers and this treatment can be described as a kind of "categorical abuse," or differential treatment accorded us as a specific class of employee (in this case as African-Americans) by store managers.  The hostile environment standard, in violation of Title VII, has been experienced by every African-American working at this Caribou and has infected other local Caribou locations as well, as reports of various discriminatory acts and treatment have become known within the company.

13. <u>Retaliation.</u>  Much of the above could also be defined as retaliation against me by Caribou Coffee Company for pursuing internal investigations of racial discrimination, and racial harassment, and also for filing a charge against Caribou Coffee Company with the EEOC in January 2008.


REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

I would like my suit against Caribou Coffee Company to eventuate in a jury trial. I request

monetary compensation to the full extent allowed by law in a case where the defendant company

has a work-force in excess of 500.  Or, "all additional relief to which the plaintiff is entitled."

Signed this First day of November, 2010.

Signature of Plaintiff

Mailing Address:
Linda Elizabeth Prince
36 5th Av. North
Apt. #10
Hopkins, MN 55343
(952) 252-9190

9

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Minneapolis Area Office

330 South Second Avenue, Suite 430
Minneapolis, MN 55401-2224
(612) 335-4040
TTY (612) 335-4045
FAX (612) 335-4044

Charge Number: 444-2008-00404
Linda E. Prince
vs.
Caribou Coffee

Dr. Linda Prince
36 5th Ave. N. #10
Hopkins, MN 55343

Dear Dr. Prince:

The Equal Employment Opportunity Commission has completed its investigation of the above referenced charge of discrimination. Based on the record of evidence, we were not able to conclude that a violation of the statutes governed by the EEOC had occurred. The EEOC has dismissed the charge referenced above and issued a Notice of Right to Sue.

We have dismissed the charge because it is our judgment that we will not be able to prove that the Respondent discriminated against you on the basis of your race, your age and/or in retaliation for complaining about discrimination.

If you have any questions upon receipt of this information, I can be reached at (612) 334-4008. The enclosed Dismissal and Notice of Rights document concludes this investigation. If you wish to pursue this matter further, you may file a lawsuit against the Respondent **within 90 days of your receipt of this notice**, otherwise your right to sue will be lost. We have enclosed an information sheet regarding suing in federal district court, should you wish to pursue the claim further.

_____ 8/4/10 _____
Dated

Sincerely

Charlotte Czarnecki
Federal Investigator

Enclosure(s)

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Linda Prince<br>36 - 5th Avenue N. #10<br>Hopkins, MN 55343 | From: Minneapolis Area Office<br>330 South Second Ave<br>Suite 720<br>Minneapolis, MN 55401 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 444-2008-00404 | Charlotte Czarnecki,<br>Investigator | (612) 334-4008 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleg discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance v the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 yea before you file suit may not be collectible.**

On behalf of the Commission

_(signature)_

John P. Rowe,
**District Director**

8|4|10
(Date Mailed)

Enclosures(s)

cc:    Jason M. Hedican, Esq.
       Briggs and Morgan, P.A.
       2200 IDS Center
       80 South Eighth Street
       Minneapolis, MN  55402

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record** of this date.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request** **within 6 months** **of this Notice.**  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*