UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Linda Elizabeth Prince,   Civ. No. 10-4429 (MJD/JJK)

      Plaintiff,

v.

Caribou Coffee Company,   **REPORT AND RECOMMENDATION**

      Defendant.

---

Linda Elizabeth Prince, pro se Plaintiff.

Jason M. Hedican, Esq., and Gregory J. Stenmoe, Esq., Briggs & Morgan, PA, counsel for Defendant.

---

JEFFREY J. KEYES, United States Magistrate Judge.

## INTRODUCTION

This case is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 7). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. (Doc. No. 8.) On January 5, 2011, this Court issued an Order to Show Cause, requiring that Plaintiff explain why her motion should not be denied on or before January 14, 2011. (Doc. No. 9.) As of the date of this Report and Recommendation, Plaintiff has not responded to the Order to Show Cause. For the reasons stated below, this Court recommends that Plaintiff's motion be denied.

## DISCUSSION

Although Plaintiff references no rule, presumably Plaintiff is attempting to move for an entry of default judgment under Federal Rule of Civil Procedure 55. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A Judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009) (citing Fed. R. Civ. P. 55(b) and *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).")). Whether to enter a default rests within the court's discretion. *Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991). "When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer or other pleading, prior to an entry of Default Judgment." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218-19 (D. Minn. 2009) (citing *Johnson v. Allied Interstate Inc.*, No. Civ. 02-910 (RHKAJB), 2002 WL 1906024, at *2 (D. Minn. Aug. 19, 2002)).

Here, Plaintiff's motion should be denied because the Clerk of Court has not entered a default under Rule 55(a). *See Johnson,* 140 F.3d at 783 ("[E]ntry

of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").  Because Plaintiff did not first apply to the Clerk of Court for an entry of default under Rule 55(a), the Court cannot enter a default judgment against Defendant under Rule 55(b).

Furthermore, under the Court's discretion, this Court recommends denying Plaintiff's motion based on the circumstances surrounding Defendant's filing of its Answer.  On November 1, 2010, Plaintiff filed her Complaint in this matter (Doc. No. 1), and after her application to proceed without prepayment of fees was granted (Doc. No. 4), a summons was issued as to Defendant on November 10, 2010.  Defendant was served with the Summons on November 23, 2010.  (Doc. No. 7.)  Accordingly, Defendant's Answer was due on December 13, 2010.  Plaintiff acknowledges, however, that "[g]iven severe weather conditions [she] gave Caribou a 'grace period' of three days, until 12/16/10, before considering the option of filing a motion for default judgment."  (Doc. No. 7.)

On December 14, 2010, Defendant filed its Answer with the Court.  (Doc. No. 6.)  And Defendant's Certificate of Service states that it also mailed a copy of the Answer by first class mail to Plaintiff on December 14, 2010.  (Doc. No. 6, Attach. 1.)  On December 17, 2010, Plaintiff filed a Motion for Default Judgment against Defendant, arguing that Defendant had failed to answer her Complaint.  (Doc. No. 7.)

The record reflects that Defendant did file its Answer on December 14, 2010, and mailed a copy of such to Plaintiff on that date, which is before

3

December 16, 2010 (the deadline Plaintiff apparently agreed to give Defendant), and it appears that the Answer and Plaintiff's motion may have crossed in the mail. Nevertheless, Defendant did file its Answer prior to a clerk's entry of default. In light of these circumstances, this Court recommends that Plaintiff's Motion for Default Judgment be denied.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Plaintiff's Motion for Default Judgment (Doc. No. 7), be **DENIED**.

Date: January 27, 2011

                                              *s/ Jeffrey J. Keyes*
                                              JEFFREY J. KEYES
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 10, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.